ROGERS, Judge.
Plaintiff, Wilton Robert Cason, instituted this suit against Rex J. Champagne, defend *1310 ant, for breach of contract and is asking primarily for specific performance and in the alternative, damages in the amount of $175,000.00.
The trial court ruled in favor of defendant, holding that there was no meeting of the minds between the parties. Plaintiff appeals.
Plaintiff proposed to purchase all of the outstanding stock of Rex Truck Lines, Inc. owned by defendant. Defendant was interested in selling this stock to plaintiff, and began negotiating with him after negotiations by defendant with a Mr. Jim Bertrand had terminated (Mr. Bertrand could not finance the $485,000.00 price agreed upon by defendant and Bertrand.)
The controversy stems mainly from what was said by the parties, their lawyers, and accountants at a meeting held on April 17, 1975, at the office of plaintiff’s attorney.
What was said at this meeting and at various other times was testified to at the trial, the trial judge admitting to unusual effort to follow them.
The April 17th meeting was arranged mainly for the purpose of adjusting the initial $485,000.00 selling price upward so as to include the value of additional physical assets acquired since the Bertrand proposal. Defendant’s corporation acquired additional equipment and it was agreed by both parties during the first part of this meeting that the hard or physical assets of the corporation had a value of $600,000.00 as of the March 31, 1975 financial statement.
It was at this time that plaintiff contends he had a meeting of the minds with defendant to the end that a firm proposal was made by defendant and accepted by plaintiff. However, later in the meeting, plaintiff and defendant discussed the proposal of further compensating defendant for good will of the corporation and the Public Service Permits of the corporation in the form of a consulting agreement. The specific terms of the consulting agreement without question could not be agreed upon at this meeting.
Subsequent to the April 17 meeting, there were telephone conversations, a meeting on May 6,1975, further discussing the terms of the proposals and finally, by letter dated May 14,1975, defendant terminated the negotiations with plaintiff.
Plaintiff contends that there was a meeting of the minds insofar as defendant agreed to sell him all of his stock in Rex Truck Lines, Inc. for $600,000.00 which alleged agreement was separate from the proposed consulting agreement.
Defendant contends the proposed consulting agreement was an integral part of the agreement to sell all of defendant’s stock to plaintiff and since there was no definitive accord to the consultation agreement, there was no meeting of the minds to the sale of defendant’s stock.
Plaintiff further argues that defendant’s testimony was full of inconsistencies and contradictions and this appears to be true from a reading of the records, however, the record also bears out that there were some inconsistencies and contradictions on plaintiff’s side also, but to a lesser extent.
The trial judge stated in his brief reasons for judgment that there were inconsistencies of testimony on both sides and concluded that the weight of the evidence supported defendant’s contention that there was no meeting of the minds in the matter. We agree. The trial judge further went on to say, relative to defendant’s testimony, “. . .it was more a matter of context and an inability to articulate rather than anything else.”
It is well settled that factual conclusions of the trial judge should not be disturbed absent a finding of manifest error. As set forth in Canter v. Koehring Co., La., 283 So.2d 716:
“. . .' [t]he reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review . . .”
*1311 From the above, combined with the concession by both plaintiff and defendant that the proposed agreement was to be reduced to writing, we can only conclude that the trial judge was correct and we affirm his decision.
In support of this, we rely on Breaux Brothers Const. Co. v. Associated Contractors, 226 La. 720, 77 So.2d 17 which states:
“ * * * ..It Is elementary in our law, that where the negotiations contemplate and provide that there shall be a contract in writing, neither party is bound until the writing is perfected and signed.”
The judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff.
AFFIRMED.